## NEW YORK SUPERIOR COURT.

J. McCREERY and others agt. JAMES C. WILLETT, sheriff, &c.

*It seems,* that where a *sheriff* has become *bail,* (by the escape of a prisoner,) and has failed to surrender the principal in his exoneration within the time required by the Revised Statutes, (before the commencement of the action against him as bail,) but within the time required by § 191 of the Code, (within twenty days after the commencement of the action,) he is *not wholly discharged from liability.*

That is, the 191st section of the Code is not a substitute of the Revised Statutes, as defining the whole extent of the sheriff's liability in such cases. (*The decision in this case reported as "McGregory," in* 17 *How. Pr. R.,* 439, *materially modified.*)

*Special Term, November,* 1859.

A. MATHEWS, *for plaintiff.*
A. J. VANDERPOEL, *for defendant.*

HOFFMAN, Justice.   Cohen was arrested upon an execution against his person, and committed to prison. From this he escaped, and since the commencement of the present action has been retaken and committed to the jail.

Is the sheriff amenable under sections 63 and 64 (81 and 82) of 2 *R. S.,* § 437, or may he be fully discharged under section 191 of the Code ?   If his liability is to be tested by the former, the surrender was too late.

The question is, I think, a nice one.   The 201st section

of the Code contemplates an escape where the party has been arrested under the provisional remedy of the Code, known as " arrest." The discharge of the sheriff as bail may be obtained before process against the person of the defendant on a judgment, by giving bail as prescribed in the 193d and other sections.

And section 191 may be understood as meaning only that the sheriff may also be discharged as other bail would be discharged by a surrender within the twenty days, in the case of an escape under an order of arrest, as well as where bail had not been given.

This view would leave the point of the sheriff's liability in cases of escape after commitment upon final process, unaffected by the Code.

Bail not having been given, the sheriff became bail, and his responsibility extended to the defendant's rendering himself to respond to the process issued to enforce a judgment.

Being taken and imprisoned on execution against the person, this liability would seem discharged and at an end, and the liability of the sheriff to be then governed by the statute. ·

In this view, an order made under the 191st section would seem supererogatory at least. But if the Code is the substitute of the statute, and defines the whole extent of the sheriff's liability, then it will operate as it is worded, to effect his full discharge. But I cannot say it does effectually do so, and therefore cannot order the action to be discontinued.

Order amended.